IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**                                             No. 10-cr-30175-DRH

**JEFFREY A. ANDERSON,**

**Defendant.**

### ORDER

**HERNDON, Chief Judge:**

Pending before the Court is defendant Jeffrey A. Anderson's motion to reopen restitution under the authority in *Dolan v. United States* and Rules 35 and 36 and memorandum in support filed on January 4, 2012 (Doc. 50). The government responded to defendant's motion on January 6, 2012 (Doc. 51). As the Court finds defendant's cited authority inapplicable to the case at hand, defendant's motion is **DENIED**.

### I. BACKGROUND

On July 1, 2011, the Court sentenced defendant to a term of twenty months imprisonment (Doc. 27, p. 2). The Court ordered defendant to pay restitution (Doc. 27, p. 5). However, it deferred determination of the amount to a later date due to discrepancies in the case agent and probation offices' calculated amounts (Doc. 39, p. 1). Thus, on September 13, 2011, the probation office filed an

addendum to the presentence report calculating defendant's restitution as $251,323.82 (Doc. 39).[1] On September 16, 2011, defendant requested thirty days to respond to the addendum (Doc. 40). The Court granted defendant's request, requiring defendant's response by October 17, 2011 (Doc. 41). As defendant did not respond to the addendum by October 17, 2011, the Court interpreted defendant's lack of response as a concession to the amount of restitution calculated in the addendum. Therefore, on November 4, 2011, it ordered defendant's judgment amended to reflect that amount (Doc. 44). Accordingly, on November 7, 2011, the Court entered an amended judgment reflecting defendant's restitution amount as $251,323.82 (Doc. 48).

Relevant to the instant motion, defense counsel alleges he received a letter from defendant on December 22, 2011. Counsel claims defendant dated this letter December 11, 2011. Counsel states defendant's letter inquired as to his alleged response to the amount of restitution reflected in the addendum. Further, counsel alleges defendant enclosed a letter dated September 27, 2011,[2] setting out defendant's response and objections to the addendum. Counsel claims he had not previously received defendant's September 27, 2011 letter (Doc. 50, p. 2). Therefore, in reliance on numerous legal alternatives, counsel argues defendant "was inadvertently denied his right to be heard on the issue of restitution and denied his right to establish his position that the restitution obligation calculated

---

[1] The Court notes the addendum dated September 13, 2011, lists the appropriate amount of restitution as $251,232.83. However, the probation office made a minor correction to the amount of restitution on November 4, 2011 (Doc. 47). The corrected amount of restitution is $251,232.82.

[2] The Court notes defendant did not attach copies of the relevant letters to its motion.

in the PSR addendum exceeded that warranted by the evidence and law" (Doc. 50, p. 3).

In response, the government similarly relates the facts relevant to the instant motion. However, the government notes the "extremely suspicious" nature of defendant's letter dated September 27, 2011. The government cites to the "special/legal mail" procedures of defendant's residence on the relevant date, the Federal Prison Camp in Montgomery, Alabama, in support of its suspicions (Doc. 51-1). The procedures outline the care given correspondence between attorneys and inmates, noting prison staff ensures letters bear proper attorney addresses and that letters improperly addressed are returned to inmates. Thus, the government states "it is difficult to see how the [d]efendant's September 27, 2011 letter could have been properly mailed within the time allotted to object to restitution, yet have failed to have been either delivered to [d]efense [c]ounsel or returned to the [d]efendant" (Doc. 51, p. 2). Additionally, the government argues the legal bases defendant cites are inapplicable (Doc. 51, p. 3).

## II. ARGUMENTS AND ANALYSIS

Defendant cites three alternative bases he argues allow the Court to reopen the issue of restitution. First, defendant cites to *Dolan v. United States*, 130 S. Ct. 2533, 2538-39 (2010). The Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3664(d)(5), states, "if the victim's losses are not ascertainable by the date that is 10 days prior to sentencing," the court "shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." In

*Dolan*, the Supreme Court determined the effect of a restitution order entered past the 90-day deadline. The Supreme Court held a sentencing court retains the power to order restitution; at least where it made clear prior to the deadline's termination that restitution was forthcoming, leaving only the amount unsettled. *Id.* at 2539. As opposed to a "jurisdictional" deadline, the Court determined the deadline's intent was to create a "time-related directive" that was legally enforceable, but not capable of depriving the sentencing judge of the power to take action past the stated amount of time. *Id.* at 2535. Significantly, the Court noted the sentencing court retains power to order restitution even assuming the missed deadline was the fault of the court or the government. *Id.*

In reliance on *Dolan*, defendant argues, "[i]t would be a perverse and untenable result if [Section] 3664 was interpreted to grant this Court power to continue to act with regard to determining restitution, even where the failure to act within 90 days was the fault of the [g]overnment, without the defendant receiving the same benefit" (Doc. 50, p. 3). In response, the government argues *Dolan's* holding is inapplicable to the issue at hand. Instantly, this Court has entered an order of restitution. Defendant seeks to reopen that order. *Dolan,* the government argues, does not speak to the sentencing court's ability to reopen or amend a previously entered restitution order; it merely informs the court's ability to initially order restitution past the 90-day deadline. Moreover, the government argues, although *Dolan*, as broadly interpreted, stands for the proposition that "deadlines regarding restitution orders are not hard and fast," defendant has not

made a "credible showing" of an attempt to timely object to the addendum. Thus, the government argues, *Dolan* does not speak to this Court's authority to reopen a previous order of restitution (Doc. 51, p. 3).

The Court finds the government's reasoning persuasive. *Dolan* is inapplicable to the scenario at hand. Although *Dolan* clarified this Court retains the authority to enter an initial order of restitution 90 days after a defendant's sentencing, it does not speak its authority to reopen or amend that award. In this instance, it is neither the Court nor the government that is untimely, but defendant. Counsel allegedly first received correspondence from defendant concerning his objections to the addendum on December 11, 2011; a date well past the October 17, 2011 deadline for objections. Notwithstanding the suspicious nature of the alleged September 27, 2011 letter, defendant has not made a credible showing that he attempted to object to the addendum prior to October 17, 2011. Accordingly, *Dolan* is inapplicable to the case at hand and does not give this Court the authority to reopen a previously entered order of restitution.

Defendant alternatively relies on FEDERAL RULES OF CRIMINAL PROCEDURE 35 and 36 as authorizing this Court to reopen defendant's order of restitution. Rule 35(a) states, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM P. 35(a). Defendant argues the Court's order of restitution represents "clear error" necessitating correction. Moreover, defendant argues the 14-day time limit does

not apply, as the MVRA clearly allows the entering of restitution orders more than 14 days after sentencing. Lastly, defendant relies on Rule 36 which states, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. Defendant argues that "read broadly," this rule permits the Court to reopen the issue of the appropriate amount of restitution and to hear defendant's response and objections to the addendum (Doc. 50, p. 4).

The government responds that Rule 35 is inapplicable, as the order of restitution does not contain an arithmetical or technical error. The Court based the order, the government argues, on the detailed findings of the addendum. Further, assuming the 14-day time limit does not apply to the initial judgment, defendant clearly filed his instant January 4, 2011 motion more than 14 days after the entering of the amended November 7, 2011 judgment. Thus, the government argues Rule 35 does not give the Court authority to reopen its order of restitution. Further, the government similar responds that Rule 36 is inapplicable, as clerical errors do not encompass substantive objections to the addendum (Doc. 51, p. 3).

Once Again, the Court finds the government's reasoning persuasive. As the government argues, a technical or clerical error is not at issue. Moreover, as the Court entered the amended judgment on November 7, 2011, Rule 35's 14-day time limit has clearly passed. Lastly, Rule 36 is similarly inapposite. As the

government states, this is not the type of "oversight or omission" within the purview of Rule 36. Defendant attempts to reopen a judgment without showing diligence or good faith, but only a failure to meet a deadline. Therefore, due to the contrived nature of the September 27, 2011 letter, and the inapplicability of *Dolan* or FEDERAL RULES OF CRIMINAL PROCEDURE 35 or 36, the Court **DENIES** defendant's motion (Doc. 50).

**IT IS SO ORDERED.**

Signed this 12th day of January, 2012.

David R. Herndon
2012.01.12
14:45:40 -06'00'

**Chief Judge
United States District Court**